# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| | : | |
| DEBORAH A. KUHAR, | : | Bankruptcy No. 07-15474DWS |
| | : | |
| Debtor. | : | |

# MEMORANDUM OPINION

**BY:  DIANE WEISS SIGMUND, United States Bankruptcy Judge**

Before the Court are:   (1) the Motion of the Chapter 13 Standing Trustee (the "Trustee") for Dismissal (the "Dismissal Motion"); (2) the Objections to Confirmation ("Confirmation Objections") filed by creditor Chase Manhattan Mortgage Corporation and the Pennsylvania Department of Revenue; and (3) Debtor's Objection to Claim by Claimant Chase Manhattan Mort. Corp. ("Chase Claim Objection").   For the reasons that follow, the Dismissal Motion is granted.   Accordingly, the Confirmation Objections and Chase Claim Objection are moot.

**BACKGROUND**

This case was filed on September 20, 2007.[1] Pursuant to 11 U.S.C. § 341, the meeting

of creditors was first scheduled for January 2, 2008.  Doc. No. 21.  It is undisputed that,

as of January 2, 2008, Debtor had not filed her federal or Pennsylvania tax returns for

the years 2002-2006 as is now required under 11 U.S.C. § 1308.  Infra n. 5.  The meeting

did not convene on January 2 but rather was continued to February 11, 2008.  Doc. No. 26.[2]

The subsequent docket entry for February 12 indicates that the meeting was held and

concluded on February 11.

The Trustee filed the Dismissal Motion on February 19, 2007 seeking dismissal on

two bases:  (1) that Debtor failed to file the requisite tax returns for 2001 through 2006

with the state and federal authorities; and (2) that the Chapter 13 plan is not feasible.

The Dismissal Motion and Chase Claim Objection were scheduled to be heard on March 27,

2008 but were subsequently continued to April 8, 2008.  At the April 8 hearing, the Trustee

advised the Court that the tax returns had not been filed and that she could not recommend

---

[1] I shall take judicial notice of the docket entries in this case.  Fed.R.Evid. 201, incorporated
in these proceedings by Fed.R.Bankr.P. 9017.  See Maritime Elec. Co., Inc. v. United Jersey Bank,
959 F.2d 1194, 1200 n.3 (3d Cir. 1991).

This Chapter 13 case is the second such case filed by Debtor.  The history as revealed in the
dockets of this Court as to which I take judicial notice evidences an initial case, No. 04-36627, filed
on December 16, 2004 and dismissed on June 7, 2007 for failure to make payments to the
Chapter 13 Trustee.  That case was dismissed on the Trustee's fifth such motion after three years
of intermittent payment defaults.  See In re Kuhar, 2007 WL 2245912, *1 (Bankr. E.D. Pa., August
01, 2007) (denying Debtor's motion for reconsideration of dismissal).

[2] Debtor was experiencing chest pains.  As discussed below, the practice of the Trustee's
office is not to convene the meeting if the Debtor has not produced the prior year's federal tax
return, which Debtor had not done.  Infra n. 4.  Thus, the meeting would have been rescheduled
without regard to Debtor's physical condition.

confirmation as the proposed plan was not funded to pay Chase's filed claim. Chase reported

that it was in discussions about claim and payment issues with the Debtor.  Upon agreement

of Debtor, Chase, and the Trustee, the contested matters were specially listed on May 6 for

a full evidentiary hearing.  The Trustee's counsel did not press to go forward on April 8 on

the tax return issue.  On May 6, the hearing was continued until May 28, 2008 at the

request of the parties and without appearance or consultation with the Court.

A consolidated record on the Dismissal Motion and Chase Claim Objection was

made at the May 28 hearing.  While Debtor's testimony was elicited with respect to the

Chase Claim Objection and feasibility of her plan, the Trustee asserts that the untimely

filing or tax returns mandates dismissal.  As I agree, I will only recite my findings with

respect to that issue.[3]

Debtor filed the 2006 federal return in person shortly before the continued

February 11 creditor's meeting.  However, she had made no filing with respect to the

2006 state return and no filing with respect to the 2001-2005 state and federal returns by

that date.  No evidence was presented as to what, if anything, was said at the February 11

creditor's meeting with respect to the tax returns.  As noted above, at the April 8 hearing,

Debtor conceded that the returns had still not been filed.  Debtor also testified that on the

day of the continued May 6 hearing, she advised the Trustee that all the returns had been

filed electronically, but that because of computer difficulties she had no paper copies

---

[3]   The parties sought to develop a complete record on the pending contested matters notwithstanding my observation to them that I might not need to reach the feasibility question and the related Chase Confirmation Objection.  As the Dismissal Motion did not request a bar on further filings, it is not necessary to address the Debtor's prospects for confirming a feasible plan.

to provide.  With that information, the Trustee agreed to a continuance of the May 6

hearing to May 28 when presumably the other pending issues would be heard.

In point of fact, Debtor had not filed her tax returns as of May 6 as she represented

to the Trustee.  Under oath, she stated that she attempted to file her federal returns

electronically sometime between April 28 and May 13, 2008 but was unable to do so

because of technical difficulties with her computer.  Exhibit T-5.  While uncertain when

and why, she realized that the returns had not been received by the taxing authorities and on

May 27, 2008, the day before the evidentiary hearing, she filed both by hand-delivering her

completed 2002-2005 federal returns and her 2002-2006 Pennsylvania tax returns

to the appropriate taxing authorities.  Exhibits T-3 (IRS letter acknowledging delivery),

T-5 (federal returns), and T-4 (Pennsylvania returns).

## DISCUSSION

The express requirement that debtors file prior tax returns was added by the

Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), and

appears or is incorporated in numerous sections of the Bankruptcy Code.  See 11 U.S.C.

§§ 521(e)-(g), 521(j), 1307(e), 1308, 1325(a)(9).  The Dismissal Motion is based upon

§ 1308, which provides in relevant part:

> (a) Not later than the day before the date on which the meeting of the creditors
> is first scheduled to be held under section 341(a), if the debtor was required to
> file a tax return under applicable nonbankruptcy law, the debtor shall file with
> appropriate tax authorities all tax returns for all taxable periods ending during
> the 4-year period ending on the date of the filing of the petition.

11 U.S.C. § 1308(a).[4]   As noted, it is undisputed that Debtor failed to file federal or

Pennsylvania tax returns with the appropriate taxing authorities for 2002-2006, i.e., the

four-year prepetition period on or before the date of the first scheduled § 341 meeting.[5]

However, that omission is only fatal if the Debtor is required to file a tax return under

applicable non-bankruptcy law.

The Debtor contends that  she was not required to file tax returns because she did

not earn sufficient income.  See 26 U.S.C. § 6012 (generally requiring tax returns be filed

by individuals having taxable year gross income which equals or exceeds the exemption

amount).  Assuming without deciding[6] that Debtor is correct with respect to her federal

returns, Pennsylvania has more stringent tax return filing requirements, i.e., "a tax return

under this article shall be made and filed by or for every taxpayer having income for

the taxable year."  72 P.S. § 7330.  Debtor's own Pennsylvania returns indicate that

she had income and was therefore required to file a tax return under Pennsylvania law.

---

[4]  The Dismissal Motion also invokes § 521(e)(2), which requires debtors under Chapter 7 or 13 to provide to the trustee a copy of the federal income tax return required under applicable law for the most recent tax year preceding the petition no later than 7 days before the first meeting of creditors.  While the statute requires dismissal for noncompliance, § 521(e)(2)(b), the Trustee's counsel clarified that the practice of the Trustee's office is to exercise prosecutorial discretion to continue the first scheduled creditor's meeting and to allow a debtor additional time to file the most recent federal return.  That is what occurred here and at the hearing the Trustee's counsel only argued grounds for dismissal under § 1308.  I therefore assume that the Trustee is not pressing § 521(e)(2) as a basis for dismissal.

[5]  Since the first scheduled meeting date was January 2, that date would have been January 1 which being a holiday, extended the filing date to January 2.  Fed.R.Bank.P. 9006(a).

[6]  No evidence was presented as to whether Debtor in fact was required to file under the federal Tax Code and I need not decide that issue given the duty to file Pennsylvania tax returns. Infra.

Exhibit T-4.  Thus, her conceded failure to timely file the Pennsylvania returns alone is

a breach of her duty under § 1308.

The Trustee has some limited discretion to extend the deadline under subsection

1308(b), which states in pertinent part:

> (b)(1) Subject to paragraph (2), if the tax returns required by subsection (a)
> have not been filed by the date on which the meeting of creditors is first
> scheduled to be held under section 341(a), the trustee may hold open that
> meeting for a reasonable period of time to allow the debtor an additional
> period of time to file any unfiled returns, but such additional period of time
> shall not extend beyond-
>
> > (A) for any return that is past due as of the date of the filing of
> > the petition, the date that is 120 days after the date of that
> > meeting; ...

Application of this provision is determinative of the outcome in this contested matter.[7]

Regrettably while the measure of the whether the trustee has allowed up to 120 days

of additional time is whether the creditor's meeting has been "held open," neither the

Trustee nor Debtor focused on the statutory language contained in section § 1308(b)(1).

Rather their disagreement addressed the ambiguity in §1308(b)(1)(A) pertaining to

---

[7] Section 1308(b) also provides the possibility of an additional court-ordered extension of
up to thirty days.

> > (2) After notice and a hearing, and order entered before the tolling of
> > any applicable filing period determined under this subsection, if the
> > debtor demonstrates by a preponderance of the evidence that the
> > failure to file a return as required under this subsection is attributable
> > to circumstances beyond the control of the debtor, . . .

11 U.S.C. § 1308 (b)(2).  As the statute makes clear, it is only available where  (1) an order is
entered before the trustee's tolling period and (2) failure to file tax returns is beyond control of
debtor.  In re McCluney, 2007 WL 2219112 (Bankr. D. Kan. June 22, 2007).  Without regard to the
interpretation of subparagraph (1), it is apparent that subparagraph (2) has not been invoked by the
Debtor through a timely motion for affirmative relief from the Court.

calculation of the 120 day period. <u>See</u> Keith M. Lundin, Chapter 13 Bankruptcy, § 391.1 at

391-6 (3d ed. 2000 & Supp. 2007-1) (recognizing the ambiguity of the statutory language

and observing the awkwardness of commencing the 120-day hold open period on a date

before the meeting has occurred).  The Trustee's counsel argued that Debtor's maximum

extension to file the tax returns was 120 days from the first scheduled meeting of creditors,

<u>i.e.</u>, January 2, 2007 while the Debtor's counsel was advocating the date the meeting was

actually held, <u>i.e.</u>, February 11, 2007.  If that were the appropriate calculus, the timeliness

of the Debtor's filing on May 27 would depend on which position was correct.  However,

starting with the language of the statute as I must, I find that I do not have to resolve

these differing views.

The language to "hold open" the creditor's meeting was added by BAPCPA and

appears nowhere else in the Code.  Judge Lundin questions:

> What does it mean to "hold open" a § 341 meeting? Bankruptcy Rule 2003(e)
> contemplates that a meeting of creditors "may be adjourned from time to time
> by announcement without further written notice."  Section 1308(b) nowhere
> uses the word "adjournment."  Are "hold open" and "adjournment" the
> same thing?  Can a Chapter 13 trustee hold open a meeting of creditors by
> announcement at the meeting of creditors without further written notice?
> This invites complications for parties in interest not present at § 341 meeting.
> . . . A more formal procedure is needed when the trustee holds open a meeting
> of creditors . . .

<u>Id.</u> at 391-7 (3d ed. 2000 & Supp. 2007-1).  I agree.  One of the central purposes of

BAPCPA's tax return requirement is to help "help states identify potential claims in

bankruptcy cases where they may be owed delinquent taxes." H.R. Rep. 108-40, pt. 1 at 154

(March 18, 2003).  <u>See</u> <u>also</u> Lawrence P. King, 8 Collier on Bankruptcy ¶ 1308.02 (15th ed.

Supp. 4/2007) (noting that primary purpose of § 1308 is "to give taxing authorities the

information they need in order to file proofs of claim"). Section 502(b)(9) and Interim

Bankruptcy Rule 3002(c)(1) require a governmental unit to file its proof of claim 180 days

following the petition date. However, they recognize that absent filed tax returns,

a meaningful proof of claim cannot be prepared. Thus in a Chapter 13 case, where returns

have not been filed, the government's bar date is 60 days after a tax return is filed

"under § 1308." Since the permissible time for filing of returns under § 1308 is keyed to

the status of the § 341 meeting, there must be an unambiguous docket entry or some other

means of determining whether that 60 day period has begun to run. Moreover, there must

be a way of readily determining if the debtor is in compliance with § 1308 if the dismissal

remedy provided to taxing authorities as parties in interest under § 1307(e) is to have

meaning.

In this case (and as a general practice in this district) the Chapter 13 trustee prepared

a docket entry expressly stating that the creditors' meeting was held and concluded on

February 11.[8] Whatever "held open" means, it simply cannot be reconciled with the terminal

word "concluded." See In re Forte, 2007 WL 2028894, at *4 (Bankr. E.D. Pa. July 06, 2007)

(noting *in dicta* that a trustee "holds open" a meeting by expressly not concluding it,

---

[8] The absence of such clarity led to a different outcome in a recent Massachusetts case. In re Cushing, 383 B.R. 16 (Bankr. D. Mass. Feb. 22, 2008), *modifying* In re Cushing, 379 B.R. 407 (Bankr. D. Mass. Dec. 14, 2007), involved a debtor who had filed her petition on June 7, 2007 but had not filed her 2006 federal tax return before the § 341 meeting scheduled and held on July 24, 2007. 379 B.R. at 408. The docket entry for July 25 ambiguously stated: "Meeting of Creditors Held and Examination of Debtor as scheduled." On August 2, the Internal Revenue Service filed a dismissal motion under § 1307(e). There was no affidavit from the chapter 13 trustee or other evidence submitted to indicate that the § 341 meeting had been concluded or closed. Construing the ambiguous docket entry against the movant and trustee, the Cushing court concluded that the meeting had been held open for purposes of § 1308.

*citing* generally In re Koss, 319 B.R. 317, 321 (Bankr. D. Mass. 2005)).  That the meeting

was concluded and not held open is further evidenced by the Trustee's filing of the Dismissal

Motion shortly thereafter on February 19.  Indeed, it is counterintuitive for the Trustee to

file the motion to dismiss for failure to file tax returns while the meeting was held open

to allow Debtor to do so.

Because the creditors' meeting was concluded, the Trustee could not grant any

extension under § 1308(b)(1)(A).  Yet it is apparent from the facts recited above that the

Trustee appears to have done just that by agreeing to continuances of the Dismissal Motion.

There would have been no reason to agree to a continuance of this aspect of the Dismissal

Motion unless the Trustee was willing to accept the returns out of time.  Perhaps this is what

Debtor's counsel had in mind when he argued that the Trustee had waived the untimely filed

returns as grounds for dismissal.[9]  Whether the Trustee has the power to waive the filing

requirement where the Code expressly restrains a trustee's authority on this requirement

or whether the Trustee's conduct evidences the requisite intention to constitute a waiver[10]

are issues I need not decide.  Even if the Trustee's continuances can be construed as the

---

[9] Since Debtor's counsel neither elaborated nor provided any authority in support of his waiver theory, I may be giving the argument more credit than warranted.

[10] Waiver is "the intentional relinquishment or abandonment of a known right."  United States v. Olano, 507 U.S. 725, 733, 113 S.Ct. 1770 (1993).  The Trustee filed the Dismissal Motion, based in part on the unfiled tax returns, promptly after the creditor's meeting.  There is no time limitation on bringing such a motion, and the Dismissal Motion was never withdrawn or amended. Debtor's counsel appears to argue that the numerous continuances lulled Debtor into a false sense of security that the Trustee didn't "mean it."  Mere continuances do not indicate an abandonment of the right to seek dismissal on this basis.  At best it could be construed as leave for an extension even though the meeting was not held open.  Indeed, even had the Trustee chosen not to file the dismissal motion, he would have been free to raise the unfiled tax returns as a basis to deny confirmation, as the Pennsylvania Department of Revenue has done.  See 11 U.S.C. § 1325(a)(9) (incorporating timely compliance with § 1308 as a requirement of confirmation).

-9-

functional equivalent of keeping the meeting open, it is clear that the Trustee did not grant

the Debtor leave to file the missing returns after May 6.  Since Debtor had misrepresented

to the Trustee's counsel that she had electronically filed the returns by May 6, the Trustee

would have no reason to give her more time.  While the May 6 hearing on the Dismissal

Motion was further continued, it was not done so on this issue.  Rather the Trustee still had

pending grounds for dismissal based on plan infeasibility.  Thus, the position advanced by

Debtor's counsel that the Trustee should not be allowed to pursue the tax return filing

grounds of the Dismissal Motion after the May 6 continuance is inconsistent with his client's

representation that she had already complied.  At best the Trustee's non-statutory concessions

terminated on May 6 at which time any constructive meeting in no sense could be viewed

to have been held open.

The failure to timely file the tax returns constitutes grounds for dismissal under

§ 1307(e), which states:

> Upon the failure of the debtor to file a tax return under section 1308, on
> request of a party in interest or the United States trustee and after notice and
> a hearing, the court shall dismiss a case or convert a case under this chapter
> to a case under chapter 7 of this title, whichever is in the best interest of the
> creditors and the estate.

Id. (emphasis added).  I agree with the numerous courts that have found the use of the word

"shall" evidences the mandatory nature of this provision.  See In re Perry, --- B.R. ----, 2008

WL 2076738 (Bankr. N.D. Ohio May 15, 2008); In re Forte, 2007 WL 2028894, at *4

(Bankr. E.D. Pa. July 06, 2007); In re McCluney, 2007 WL 2219112, at *3 (Bankr. D. Kan.

June 22, 2007).

-10-

Having found that Debtor has not complied with § 1308, the Court must dismiss or convert this case to one under Chapter 7, "whichever is in the best interests of the creditors and the estate." 11 U.S.C. § 1307(e).  The Dismissal Motion requests only dismissal, and no party pressed for conversion over dismissal.  See In re Forte, 2007 WL 2028894 at *5 (dismissing under § 1307(e) where moving parties sought dismissal and no party suggested conversion was appropriate); In re Sawyer, 2007 WL 1725627, at * 5 (same).  In any event, the schedules do not indicate any significant assets beyond the Debtor's residence, which she values at $150,000 and which appears to be almost fully encumbered by three mortgages, including Chase's.  I conclude that dismissal is in the best interests of the creditors and the estate.

Having found dismissal is warranted, Debtor's Chase Claim Objection or Chase's Confirmation Objection are moot.  An Order consistent with this Memorandum Opinion shall be entered.

DIANE WEISS SIGMUND
U.S. Bankruptcy Judge

Dated:  June 24, 2008

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| | : | |
| DEBORAH A. KUHAR, | : | Bankruptcy No. 07-15474DWS |
| | : | |
| Debtor. | : | |

# ORDER

**AND NOW**, this 24th day of June 2008, upon consideration of (1) the Chapter 13 Standing Trustee's Motion for Dismissal (the "Trustee" and the "Dismissal Motion"); (2) the Objections to Confirmation filed by creditor Chase Manhattan Mortgage Corporation and the Pennsylvania Department of Revenue ("Confirmation Objections"); and (3) Debtor's Objection to Claim by Claimant Chase Manhattan Mort. Corp. ("Chase Claim Objection"), after notice and hearing, and for the reasons stated in the accompanying Memorandum Opinion;

It is hereby **ORDERED** and **DECREED** that the Dismissal Motion is **GRANTED**. The Confirmation Objections and Chase Claim Objection are moot.

DIANE WEISS SIGMUND
U.S. Bankruptcy Judge